FILED

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CARLOS EDUARDO RESTREPO-OSORIO

CASE NO. 8:23-cr-188-MSS-AEP
21 U.S.C. §§ 959, 963

### INFORMATION

The United States Attorney charges:

### COUNT ONE

From an unknown date, but at least in or around 2020, continuing through and including the date of this Information, in the Middle District of Florida and elsewhere, the defendant,

### CARLOS EDUARDO RESTREPO-OSORIO

did knowingly and willfully conspire with other persons to distribute and possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, while on board an aircraft registered in the United States.

All in violation of 21 U.S.C. §§ 959(c)(1), (c)(2), 963 and 960(b)(1)(B)(ii).

### COUNT TWO

From an unknown date, but at least in or around 2020, continuing through and including the date of this Information, in the Middle District of Florida and elsewhere, the defendant,

### CARLOS EDUARDO RESTREPO-OSORIO,

did knowingly and intentionally, while aiding and abetting other persons, to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, on board an aircraft registered in the United States.

In violation of 21 U.S.C. §§ 959(c)(1) and 960(b)(1)(B)(ii), and 18 U.S.C. § 2.

### COUNT THREE

From an unknown date, but at least in or around 2020, continuing through and including the date of this Information, in the Middle District of Florida and elsewhere, the defendant,

CARLOS ~~EDUARDO~~ RESTREPO-OSORIO,

did knowingly and intentionally, while aiding and abetting other persons, to possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, on board an aircraft registered in the United States.

In violation of 21 U.S.C. §§ 959(c)(2) and 960(b)(1)(B)(ii), and 18 U.S.C. § 2.

### FORFEITURE

1.  The allegations contained in Counts One through Three are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to provisions of 21 U.S.C. §§ 853 and 970.

2.  Upon conviction of any or all violations charged in Counts One through Three, the defendant,

Case 8:23-cr-00188-MSS-AEP   Document 1   Filed 06/08/23   Page 3 of 4 PageID 53
Case 8:23-cr-00188-MSS-AEP   Document 1   Filed 06/08/23   Page 3 of 4 PageID 3

CARLOS EDUARDO RESTREPO-OSORIO,

shall forfeit to the United States of America, pursuant to 21 U.S.C. §§ 853 and 970,

any property constituting, or derived from, any proceeds obtained, directly or

indirectly, as a result of such offense and any property used, or intended to be used,

in any manner or part, to commit, or to facilitate the commission of, the offense.

      3.     If any of the property described above, as a result of any act or omission

of the defendants:

          a.     cannot be located upon the exercise of due diligence;

          b.     has been transferred or sold to, or deposited with, a third person;

          c.     has been placed beyond the jurisdiction of the Court;

          d.     has been substantially diminished in value; or

          e.     has been commingled with other property which cannot be subdivided without difficulty;

3

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p).


ROGER B. HANDBERG
United States Attorney


By: _____
Joseph K. Ruddy
Assistant United States Attorney
Chief, Transnational Organized Crime Section


By: _____
Christopher F. Murray
Assistant United States Attorney
Chief, Criminal Division South


4