UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                            CASE NO. 8:23-cr-188-MSS-AEP

CARLOS EDUARDO RESTREPO-OSORIO

## UNITED STATES' SENTENCING MEMORANDUM

Pursuant to this Court's Acceptance of Plea of Guilty and Adjudication of Guilt, Doc. 30, the United States files this sentencing memorandum requesting a low-end guideline sentence for Carlos Eduardo Restrepo-Osorio.

### Factual Background

On May 23, 2021, at approximately 9:30 a.m., a United States registered Beechcraft King Air C90, tail number N722KR (hereinafter N722KR), landed at a private airfield, El Embrujo Airport, on Providencia Island, Colombia. On board were two Colombian nationals, the pilot, Juan Camilo Cadena-Botero, and a mechanic, Harold Dario Rivera-Toledo. N722KR is owned by a company named Helicópteros de los Andes SAS.

Further inspection of the plane by local Colombian National Police (CNP) officials resulted in the discovery of 446 kilograms of cocaine veiled in 28 boxes under several layers of face masks onboard N722KR. CNP also recovered 102,750,000 Colombian pesos (approximately $27,700 USD) in a black plastic bag in the aircraft next to the boxes. Cadena-Botero's cell phone and laptop and Rivera-

Toledo's cell phone were located on the aircraft, which were retained for further examination.

Investigation by the CNP Aviation Unit revealed N722KR, an aircraft registered in Weston, Florida, departed a private airfield in Guaymaral, Colombia at approximately 6:10 am that morning, destined for Providencia Island on a humanitarian mission, per the flight plan. Surveillance footage of the Guaymaral hanger in which N722KR was housed revealed that at approximately 5:00 a.m. on May 23, 2021, a red pickup truck, license plate CLS923, pulled into the hanger. Cadena-Botero and Rivera-Toledo assisted two uniformed CNP officers transfer 28 boxes from the truck to N722KR. N722KR departed Guaymaral for Providencia at approximately 6:10 a.m.

Upon arrival at the airstrip on Providencia Island, Cadena-Botero advised a CNP Police Officer that the 28 boxes contained medical supplies and there was no need for a full inspection of the cargo. When the Officer refused to release the boxes without conducting an inspection, Cadena-Botero asked the Officer for his name, which the Officer provided. Minutes later CNP Captain Jesus Issac Aguilar Garcia called the Officer, identified himself as a CNP Captain, and requested the cargo be released without inspection. The Officer refused and hung up. Aguilar Garcia proceeded to send multiple texts to the inspecting Officer pleading with him to release the cargo.

Carlos Eduardo Restrepo-Osorio initiated the smuggling venture in 2020, when Restrepo-Osorio and CNP Captain Aguilar Garcia flew to Providencia

Island to purchase property.  While on Providencia Island, Restrepo-Osorio noted the lack of security at the airport, commented about it to Aguilar-Garcia and suggested it might be a good place to bring something through the airport.  Aguilar-Garcia responded he had a CNP colleague who was in charge of security at the airport would be able to let cargo pass through uninspected.

In February 2021, Restrepo-Osorio obtained a cocaine supplier and a transportation organizer to smuggle the drugs from Providencia to Honduras. Restrepo-Osorio recruited the pilot and mechanic, rented the plane, and organized the air smuggling venture with funds provided by the cocaine supplier.

In April 2021, Restrepo-Osorio paid two CNP Officers, Major William Alexander Castro-Olaya and Officer Juan Guillermo López-Campanella, to take custody of the cocaine at the Guaymaral Airport and store it at a warehouse designated by Restrepo-Osorio. The same CNP officers then delivered the cocaine to the hanger at Guaymaral Airport where N722KR was housed on May 23, 2021.

Restrepo-Osorio hired CNP Captain Aguilar-Garcia to assist in arranging for the receipt of the cocaine at the El Embrujo Airport on May 23, 2021.  Restrepo-Osorio also hired the pilot, Cadeno-Botero, and mechanic, Rivera-Toledo, to fly the drugs to Providencia Island on May 21, 2021. He also directed the storage and movement of the cocaine in the weeks leading up to the anticipated flight of N722KR.

The quantity of cocaine involved was in excess of five kilograms.

## Procedural Background

On June 8, 2023, Restrepo-Osorio was charged in an Information with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while on board an aircraft registered in the United States, distribution of five kilograms or more of cocaine while on board an aircraft registered in the United statues, and possession with intent to distribute five kilograms or more of cocaine while on board an aircraft registered in the United States. Doc. 1. The same day, Restrepo-Osorio filed a Waiver of Indictment with this Court. Doc. 3.

On June 13, 2023, Restrepo-Osorio pleaded guilty to Counts One, Two, and Three of the Information pursuant to a plea agreement. Doc. 6. This Court adjudicated the defendant guilty on August 4, 2023, and his sentencing is scheduled for November 7, 2023. Docs. 30, 33.

## Presentence Investigation Report

The initial presentence report (PSR) for Restrepo-Osorio was filed on October 3, 2023. Doc. 76. The PSR calculated a base offense level of 36 based on drug weight. *Id.* at ¶ 29. Adjustment for role in the offense was applied recognizing Restrepo-Osorio as a leader or organizer of criminal activity that involved five or more participants, resulting in a four-level enhancement. *Id.* at ¶ 32. A three-level acceptance of responsibility adjustment was applied, resulting in a total offense level of 37. *Id.* at ¶¶ 36-38. Restrepo-Osorio's criminal history was established to be Category I. *Id.* at ¶ 43. As a result, Restrepo-Osorio's guideline imprisonment range was determined to be 210 to 262 months. *Id.* at ¶ 62.

The guidelines provide for a term of supervised release of at least five years, a fine between $40,000 and $30,000,000, and a $100 special assessment is mandatory. *Id.* at ¶ 72, 77, 78. The probation office did not identify any factors that would warrant departure from the applicable sentencing guideline range. *Id.* at ¶ 85. The probation office reviewed the factors under 18 U.S.C. § 3553(a)(1)-(7) for the Court's consideration in determining whether a sentence below the advisory guideline system is warranted and identified no factors that would warrant a sentence outside the guideline range. *Id.* at ¶ 86.

Restrepo-Osorio objected to the PSR, claiming the four-level aggravating role application is unwarranted.

### **Leader or Organizer Aggravating Role**

Restrepo-Osorio served as the organizer and leader of this conspiracy. The aggravating role enhancement under U.S.S.G. § 3B1.1 is divided up into three parts:

(a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.

(b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.

(c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

*See* U.S.S.G. § 3B1.1 (2016) (emphasis added).[1] "The determination of a

---

[1] Although the United States is advocating for the organizer/leader enhancement under U.S.S.G. § 3B1.1(a), if the Court determines that this enhancement is inapplicable, the United States would respectfully request that the Court impose either the

5

defendant's role in the offense is to be made on the basis of all conduct within the scope of § 1B1.3 (Relevant Conduct), *i.e.,* all conduct included under § 1B1.3(a)(1)-(4), and not solely on the basis of elements and acts cited in the count of conviction." *See* U.S.S.G. Ch. 3, Part B, intro. cmt..

To determine whether the defendant served as a leader/organizer or manager/supervisor of criminal activity, the Court should consider the following factors:

(1) Exercise of decision-making authority;
(2) Nature of participation in the commission of the offense;
(3) Recruitment of accomplices;
(4) Claimed right to a larger share of the fruits of the crime;
(5) Degree of participation in planning or organizing the offense;
(6) Nature and scope of the illegal activity; and
(7) Degree of control and authority exercised over others.

*See* U.S.S.G. § 3B1.1, cmt. n.4; *United States v. Torres*, 433 F. App'x 738, 739 (11th Cir. 2011); *United States v. Gupta,* 463 F.3d 1182, 1198 (11th Cir. 2006). There is no requirement that all of the factors have to be present in any one case. *United States v. Martinez*, 584 F.3d 1022, 1026 (11th Cir. 2009). Rather, "these factors are merely considerations for the sentencing judge." *United States v. Ramirez*, 426 F.3d 1344, 1356 (11th Cir. 2005).

The defendant must have exercised some degree of control, influence, or leadership over a participant. *See* U.S.S.G. § 3B1.1, cmt. n.2; *United States v. Jennings*, 599 F.3d 1241, 1253 (11th Cir. 2010); *United States v. Delpeche*, 340 F. App'x 571, 574

---

three-level or two-level enhancement under § 3B1.1(b) or (c).

(11th Cir. 2009) (*per curiam*); *Martinez*, 584 F.3d at 1026.  A "participant" is a person who is criminally responsible for the commission of the offense, <u>but need not have been convicted</u>.  *See* U.S.S.G. § 3B1.1, cmt. n.1 (emphasis added).  When determining the number of participants, the defendant is considered one of the five participants needed within the meaning of § 3B1.1. *United States v. Holland*, 22 F.3d 1040, 1045 (11th Cir. 1994); *United States v. Hall*, 996 F.2d 284, 287 n.1 (11th Cir. 1993).  Playing a supporting role in the accomplishment of the offense will lend support to a conclusion that a person is a "participant." *See United States v. Njau*, 386 F.3d 1039, 1041 (11th Cir. 2004) (*per curiam*).  A defendant may be found to have a leadership role within an offense based, at least in part, on the defendant's directing of other participants to commit acts in furtherance of the offense.  *See United States v. Yeager*, 331 F.3d 1216, 1227 (11th Cir. 2003); *Torres*, 433 F. App'x at 740.

A subordinate role to another person in the criminal activity does not absolve a defendant of the supervisory role the defendant in fact played. *United States v. Jones*, 933 F.2d 1541, 1546 47 (11th Cir. 1991).  In addition, the adjustment may be applied to both members of a two-participant conspiracy "when each participant takes primary responsibility for a distinct component of the plan and exercises control or influence over the other participant with respect to that distinct component of the plan." *Torres*, 433 F. App'x at 740 (citing *Yeager*, 331 F.3d at 1227).

Restrepo-Osorio was the leader and organizer of a conspiracy that involved five or more participants. There is no doubt that Restrepo-Osorio was in control. It is

undisputed that Restrepo-Osorio initiated the venture, recruited several individuals, including numerous CNP officers, to participate in this venture, acquired the narcotics, rented the plane, and paid various participants for their work in facilitating this venture. *See* Doc. 6 at 20-23. Many of the individuals recruited by Restrepo-Osorio have been criminally charged and confirmed their participation was directed by Restrepo-Osorio. Evidence that Restrepo-Osorio recruited and instructed participants in the conspiracy is sufficient to support a leadership enhancement. *United States v. Dugarov*, 622 F. App'x 823, 828 (11th Cir. 2015).

There were five or more participants involved in this scheme. While Restrepo-Osorio is the only named defendant in this matter, the PSR accurately reflects the numerous other cases charging seven other participants in this venture. In light of all of the undisputed facts in this case, this Court should impose a four-level enhancement against Restrepo-Osorio for being the leader and organizer of this criminal drug smuggling venture.

**United States' Sentencing Position**

The defendant pleaded guilty to violating 21 U.S.C. §§ 959(c )(1), (c)(2), 963 and 960(b)(1)(B)(ii) – i.e., conspiracy to possess with intent to distribute, and possession with intent to distribute, five kilograms or more of cocaine while on board an aircraft registered in the United States – which sets forth a mandatory minimum term of imprisonment of ten years.  The defendant is a criminal history category I, Total Offense Level 37.

Section 3553 makes clear that the Court is to impose a sentence that will help promote a respect for the law, provide deterrence to the commission of any future offenses, and protect the public. *See* 18 U.S.C. § 3553. Had Restrepo-Osorio successfully completed his mission, immense harm to others could have arisen from the sale, purchase, and/or use of such a significant quantity of cocaine.  Thus, a low-end guidelines sentence will serve Section 3553's various interests.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

*/s/ Ashley Haynes*
Ashley Haynes
Special Assistant United States Attorney
U.S. Attorney No. 216
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone:  (813) 274-6000
Facsimile:  (813) 274-6125
Email:  Ashley.Haynes@usdoj.gov

U.S. v. Restrepo-Osorio    Case No. 8:23-cr-188-MSS-AEP

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to defense counsel of record.

            _/s/ Ashley Haynes_____
            Ashley Haynes
            Special Assistant United States Attorney
            U.S. Attorney No. 216
            400 N. Tampa Street, Suite 3200
            Tampa, Florida 33602
            Telephone:  (813) 274-6000
            Facsimile:  (813) 274-6125
            Email:  Ashley.Haynes@usdoj.gov